O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DANIEL PATRICK BUCKLEY,     )
                            )
        Petitioner,         ) Case No.  CV 13-5163-CAS(AJW)
                            )
    v.                      )
                            )
M. SPEARMAN, Warden,        ) MEMORANDUM AND ORDER
                            ) DISMISSING PETITION[1]
        Respondent.         )
_____)

In 1999, petitioner was convicted of one count of making terrorist threats and one count of assault with a deadly weapon. In addition, allegations that petitioner had suffered two prior felony convictions were found true. Petitioner was sentenced to state prison for a term of 35 years to life. [Petition at 2].

In 2002, petitioner filed a habeas petition in this Court challenging his 1999 conviction. Case No. CV 02-8129-CAS(AJW). The petition was denied on the merits on October 5, 2006. The Court of Appeals denied petitioner's application for a certificate of appealability.

---

[1] Some of the facts are obtained from the Court's files concerning petitioner's prior petitions. The Court takes judicial notice of such official court files. See Fed. R. Evid. 201.

1  The present petition was filed on July 17, 2013. Like the petition previously filed by petitioner, this petition challenges the validity of petitioner's 1999 conviction. [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition satisfies those criteria. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

Because petitioner has not obtained permission from the Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: July 31, 2013

_____
Christina A. Snyder
United States District Judge

2